# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

---

In re:                                                        BKY No.: 10-44428

Lynn E. Baker,
                                                                          Chapter 7
        Debtor.

---

R. J. Zayed, Receiver,

                                                        Civil No.: 10-cv- 3791 MJD

        Appellant

vs.

Lynn E. Baker,

        Appellee.

---

## APPELLANT'S BRIEF

---

Appeal from the United States Bankruptcy Court
For the District of Minnesota

---

Matthew R. Burton, #210018                  Michael T. Kallas
Andrea M. Hauser, #207469                   KALLAS & ASSOCIATES
LEONARD O'BRIEN SPENCER,                     LTD.
GALE & SAYRE, LTD.                          9440 Viking Drive
100 South Fifth Street, Ste. 2500           Suite 652
Minneapolis, Minnesota 55402                Edina, MN 55435-5318
(612)332-1030                               (952) 820-0820
mburton@losgs.com                           *Attorneys for Lynn E. Baker, Appellee*
ahauser@losgs.com
*Attorneys for Appellant, R. J.*
*Zayed, the Receiver*

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

ISSUES PRESENTED FOR REVIEW ........................................................................ 1

STANDARD OF APPELLATE REVIEW..................................................................... 1

STATEMENT OF THE CASE...................................................................................... 2

STATEMENT OF FACTS ........................................................................................... 3

SUMMARY OF THE ARGUMENT ........................................................................... 7

ARGUMENT............................................................................................................... 7

I.      THE RECEIVER HAS ESTABLISHED CAUSE FOR RELIEF FROM THE
        AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1) ...................................... 9

II.     THE DEBTOR HAS NO EQUITY IN RECEIVERSHIP ASSETS ................................ 12

CONCLUSION.......................................................................................................... 13

ADDENDUM

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ....................................... 2

*Bergman v. Wintroub (In re Wintroub)*, 283 B.R. 743, 745 (8th Cir. BAP 2002) ......................... 1

*Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000) ............................ 1

*Blan v. Nachogdoches County Hosp. (In re Blan)*, 237 B.R. 737, 739 (8th Cir. BAP 1999) ..... 2, 9

*Busch v. Busch (In re Busch)*, 294 B.R. 137, 141 n.4 (10th Cir. BAP 2003) ............................... 10

*Farley v. Hansen,* 2 F.3d 273, 274 (8th Cir. 1993) ......................................................... 8

*Federal Trade Comm'n v. R.A Walker & Assoc.*, 37 B.R. 608, 612 (D.D.C. 1983) ............... 11, 12

*Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*,
159 B.R. 90, 96 (D.P.R.1993) *aff'd*, 23 F.3d 395 (1st Cir. 1994) ................................. 10

*In re Coachworks Holdings, Inc.*, 418 B.R. 490, 492 (M.D. Ga. 2009) ........................ 7, 9, 10, 11

*In re Davis*, 91 B.R. 470, 471 (Bankr. D. Ill. 1988) ...................................................... 11

*In re Food Barn Stores, Inc.*, 159 B.R. 264, 266 (Bankr. W.D. Mo. 1993) .................................. 9

*In re Henderson*, 352 B.R. 439, 443 (Bankr. N.D. Tex. 2006) .................................................... 11

*Karp v. Groover Construction, LLC, (In re Groover Construction, LLC)*,
411 B.R. 460, 464 (S. D. Ga. 2008) ............................................................................ 10

*Loudon v. Amogio Foods, Inc. (In re Loudon)*, 284 B.R. 106, 108 (8th Cir. BAP 2002) ............. 7

*Martens* v. *Countrywide Home Loans (In re Martens)*,
331 B.R. 395, 398 (8th Cir. BAP 2005) ............................................................... 7, 9, 12

*Scholes v. Lehmann,* 56 F.3d 750, 755 (7th Cir. 1995) ................................................... 8

*SEC v. Kings Real Estate Inv. Trust,* 222 F.R.D. 660, 669 (D. Kan. 2004) ................................. 8

*SEC v. TLC Invs. & Trade Co.,*147 F. Supp. 2d 1031, 1042 (CD. Cal. 2001) ............................. 8

*Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.,*
181 B.R. 569, 574 (Bankr. N.D. Ala. 1994) ............................................................... 11

*Sonnax Ind., Inc.* v. *Tri Component Prods. Corp. (In re Sonnax Ind., Inc.),*
907 F.2d 1280, 1285 (2d Cir. 1990)......................................................................... 9, 10

*Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (8th Cir. BAP 2000)............. 1

*Wiley v. Hartzler (In re Wiley),* 288 B.R. 818, 822 (8th Cir. BAP 2003)....................................... 7

**Statutes**

11 U.S.C. §362(d)(2) ............................................................................................. 1, 7

11 U.S.C. §362(a) .................................................................................................. 3

11 U.S.C. §362(a)(l) .............................................................................................. 8

11 U.S.C. §362(d) .................................................................................................. 8

11 U.S.C. §362(d)(1) ............................................................................................. 1

11 U.S.C. §362(d)(2)(A) and (B) ........................................................................ 12

11 U.S.C. §362(d)(2)(B) ...................................................................................... 13

11 U.S.C. §541(a) ........................................................................................... 11, 12

28 U.S.C. §158 ...................................................................................................... 3

28 U.S.C. §158(c)(1)(A) .................................................................................... 3, 7

28 U.S.C. §58 ........................................................................................................ 7

## ISSUES PRESENTED FOR REVIEW

1.      Whether the Bankruptcy Court erred by denying relief from the automatic stay under 11 U.S.C. §362(d)(1) to the Receiver to allow him to liquidate the Receivership Estates' claims against the Debtor, where those claims arise from a Ponzi scheme in which the Debtor and his corporate entities received $3.75 million of the victims' money through fraudulent transfers and which are subject to this Court's exclusive jurisdiction?

Result Below:  The bankruptcy court concluded that the Receiver did not establish cause for lifting the automatic stay even though the Receiver's claims against the Debtor are subject to this Court's exclusive jurisdiction and involve complicated facts with which the District Court is already familiar.

2.      Whether the bankruptcy court erred by denying relief from the automatic stay under 11 U.S.C. §362(d)(2) to the Receiver to allow him to liquidate the Receivership Estates' claims against the Debtor, where the Debtor has no equity in Receivership Estates' assets?

Result Below:  The bankruptcy court concluded that the Receiver did not establish cause for lifting the automatic stay even though this Court has exclusive jurisdiction and the Debtor has no equity in the Receivership Estates' assets.

## STANDARD OF APPELLATE REVIEW

This Court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo.  *See Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (8th Cir. BAP 2000).  Because the bankruptcy court's decision to grant or deny a motion for relief from the automatic stay is within its discretion, the decision is reviewed for an abuse of discretion. *Bergman v. Wintroub (In re Wintroub)*, 283 B.R. 743, 745 (8th Cir. BAP 2002).  An abuse of discretion will only be found if the bankruptcy court's judgment was based on clearly erroneous

1

factual findings or erroneous legal conclusions. *Blan v. Nachogdoches County Hosp. (In re Blan)*, 237 B.R. 737, 739 (8th Cir. BAP 1999). A finding is clearly erroneous when there is evidence to support the findings, yet the reviewing court, when considering the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

## STATEMENT OF THE CASE

On October 5, 2009, Trevor Cook served an Amended Complaint on Lynn E. Baker (the "Debtor") and many of Baker's entities in the case, *Trevor G. Cook  v. L. Edward Baker et al.*, Case No. 27-cv-09-21495 in the Hennepin County District Court ("Hennepin County Action"). (Appellant's App. at 143–159 ("AA-_").) Baker filed his Answer to the Amended Complaint on October 10, 2009. (AA-160–69.)

On November 23, 2009, Chief Judge Davis appointed R. J. Zayed as Receiver for the Receiver Estates ("Receiver") in *CFTC v. Trevor G. Cook, et al.*, 09-cv-3332 MJD/JJK (D. Minn.) ("CFTC Matter") and in *SEC v. Trevor G. Cook, et al.*, U.S. Dist. Ct. No. 09-cv-3333 MJD/JJK (D. Minn.) ("SEC Matter"). (Hr'g Tr. 3, July 22, 2010 (AA-221).) That same day, Chief Judge Davis entered Receivership and Freeze Orders, which, among other things, established this Court's exclusive jurisdiction over the Receivership litigation. (Mem. in Supp. of Receiver's Mot. for Relief from Stay, ¶ 6 & Ex. A (AA-55–56, 70–142).)

In December 2009, Baker and the Receiver agreed to stay the Hennepin County Action pursuant to the Court's Receivership and Freeze Orders. (Mot. for Relief from Stay, ¶ 11 (AA-58).) From December 2009 through June 2010, the Receiver worked with the Debtor in an attempt to settle not only the Hennepin County Action, but the Receiver's fraudulent transfer claims against the Debtor. (*Id.*)

The Debtor filed a voluntary Chapter 7 petition on June 10, 2010.  (AA-1–54.)  On July 22, 2010, the Receiver moved for relief from the automatic stay of 11 U.S.C. §362(a) to liquidate his claims against the Debtor and to pursue contempt claims against the Debtor in the U.S. District Court for violating this Court's Orders.  (AA-55–61).  On the same day, the Bankruptcy Court entered an order lifting the stay to allow the Receiver to pursue the contempt claims in this Court and denying stay relief to allow the Receiver to liquidate his claims against the Debtor. (AA-219.)

On July 30, 2010, the Receiver filed his Notice of Appeal of the Order under 28 U.S.C. §158, and his Election that Appeal Be Heard by the United States District Court under 28 U.S.C. §158(c)(1)(A).

## STATEMENT OF FACTS

Trevor Cook has committed one of the largest frauds in Minnesota history, defrauding almost one thousand investors of over $190 million through a Ponzi scheme involving numerous corporate entities.  Baker was involved with Cook in 2008 and 2009.  Through one of his entities, Relief Defendant Oxford Global FX, Cook transferred $3.55 million of Receivership funds to Mesa Holdings, Inc., one of Baker's entities.[1]  (Am. Compl. ¶ 16 (AA-146–47).)  Cook also transferred an additional $200,000 to Baker entities known as the G5 Funds.  (Am. Compl. ¶ 18 (AA-147).)  Baker admits that he kept those funds, transferring them to his solely owned Baker Capital entity.  (*See* Am. Compl. ¶¶ 8, 23, 42 (AA-144, 148, 151); Answer to Am. Compl. ¶ 23 (AA-164).)  Cook filed the Hennepin County Action seeking return of these funds and alleging conversion, fraud, and violation of the Minnesota Securities Act.  ( AA-128-142).

---

[1] Baker's Affidavit filed July 16, 2010, states that "I own 37% of Mesa Holdings, Inc."  (Baker Aff. ¶5 (AA-147).)  Baker is the sole director of Mesa Holdings, Inc. and has received paychecks and disbursements from that entity either directly or through his solely owned entity Baker Capital from Mesa's inception through July of 2010.  (*See* Debtor's Schedule B (AA-10); Initial

On November 23, 2009, this Court appointed R. J. Zayed as Receiver in the SEC and CFTC Matters.   The assets at issue in the SEC and CFTC Matters are referred to as the "Receivership Estates."  The Court entered Receivership and Freeze Orders staying any attempt to dilute the value of the Receivership Estates:

A1.  *Order Appointing Receiver,* SEC Docket No. 13 (Nov. 23, 2009);

A2.  *Amended Order Appointing Receiver,* SEC Docket No. 18 (Nov. 24, 2009);

A3.  *Second Amended Order Appointing Receiver,* SEC Docket No. 68 (Dec. 11, 2009);

A4.  *Order Imposing Asset Freeze and Other Ancillary Relief,* SEC Docket No. 14 (November 23, 2009);

A5.  *Order Identifying Frozen Accounts,* SEC Docket No. 15 (November 23, 2009);

A6.  *Ex Parte Statutory Restraining Order,* CFTC Docket No. 21 (November 23, 2009); and

A7.  *Order Continuing Appointment of Temporary Receiver,* CFTC Docket No. 96 (Dec. 11, 2009).

(collectively, the "Receivership and Freeze Orders").   (AA-70–142).   Pursuant to the Receivership and Freeze Orders, the Receiver was charged with locating and preserving all assets that remain from the scheme for the benefit of the defrauded investors.  In doing so, the Receiver was authorized to "take such action as necessary and appropriate to prevent the dissipation or concealment of any funds or assets or for the preservation of any such funds and assets of the Receiver Estates."  (AA-94.)

The Receivership and Freeze Orders provide that this Court has exclusive jurisdiction over the Receiver Estates.  SEC Receivership Order ¶ VII (AA-97) and CFTC Receivership

---

Statement of Financial Affairs ¶ 1 (AA-29).)

Order ¶ IV (AA-139).  In addition, the Orders provide clear instructions to *anyone in possession of Receivership assets* that all assets of the Defendants and Relief Defendants in the SEC Matter and CFTC Matter were frozen, including "all other funds, accounts, and other assets to which proceeds from the Defendants' offering can be traced or which were acquired with proceeds of the Defendants' offering."  (AA-105–08.)

Pursuant to the Orders, the Receiver stands in the shoes of Cook in the Hennepin County Action.  The Receiver first spoke with counsel for the Debtor regarding that action on or before December 3, 2009.  (Mot. for Relief from Automatic Stay, ¶ 11(b) (AA-58).)  On December 9, 2009, the Receiver and Debtor filed a stipulation with the Hennepin County District Court requesting that the litigation be stayed due to the Receiverships. (*Id.* at ¶ 11(c) (AA-58).)  On January 20, 2010, the Receiver and Debtor wrote a joint letter to the Hennepin County court enclosing the Receivership and Freeze Orders and notifying the court that the parties were attempting to reach an amicable resolution to the Hennepin County Action.  (*Id.* at ¶ 11(d) (AA-58).)

From December 2009 though June 2010, the parties attempted to work out a settlement of all of the Receiver's claims against the Debtor for the return of the approximately $3.75 million in Receivership assets that flowed to the Debtor and his entities.  (*Id.* at ¶ 11(a)–(e) (AA-57–58).)  In a meeting on May 20, 2010, the Receiver directly and explicitly informed the Debtor that he personally and his entities were liable to the Receiver for return of the funds because, inter alia, the transfers from Cook were fraudulent transfers under the Minnesota Fraudulent Transfer Act.  (*Id.* at ¶ 11(e) (AA-57–58).)  The Debtor was aware of these claims and of the Orders providing for this Court's exclusive jurisdiction over claims pertaining to the Receivership Estates.

Despite this, without discussing the matter with the Receiver or with the Court, the Debtor filed a voluntary Chapter 7 petition on June 8, 2010.  On his bankruptcy Schedule F-Unsecured Claims, the Debtor listed an unsecured debt of $3,757,728.75 owed to R.J. Zayed. (AA-20.)  The Debtor's schedules also contained the following:

(a)     Baker Capital, LLC is listed with a value of $9,000.00 on Schedule B-Personal Property, and is a source of income for the year 2008 on Baker's initial Statement of Financial Affairs ("SOFA").  (AA-10, 29.)  The Debtor did not disclose that he is an officer, director, partner or managing executive of Baker Capital, LLC on the initial SOFA.  (AA-34.)

(b)     Mesa Holdings, Inc. is listed with a value of $-0- on Schedule B, and is a source of income for the years 2008, 2009 and 2010 on Baker's initial SOFA.  (AA-10, 29.)   The Debtor did not disclose that he is an officer, director, partner or managing executive of Mesa Holdings, Inc. or of its related Mesa entities on the initial SOFA.  (AA-34.)

(c)     The Debtor is an officer of and owns or controls Baker 500 Corporation, but did not disclose his interest in or position with this corporation in his schedules or initial SOFA filed on June 8, 2010.  (AA-10, 19.)

On July 22, 2010, the Receiver moved for relief from the automatic stay to liquidate his claims against the Debtor and to pursue contempt claims against the Debtor in this Court for his commencement of this bankruptcy case.  (AA-55–169.)  On the same day, the bankruptcy court entered an order lifting the stay to allow the Receiver to pursue the contempt claims in this Court, but denying stay relief to allow the Receiver to liquidate his claims against the Debtor. (AA-219.)

The bankruptcy court based the Order on brief findings made on the record, which include that "bankruptcy is a great vehicle for handling everything the Receiver wants to do," and "[litigation of the Receiver's claims] can be done here perfectly well and probably way more easily than anyplace else."  (Tr. at 21–22 (AA-225–26).)

On July 30, 2010, the Receiver filed his Notice of Appeal of the Order under 28 U.S.C. §58, and his Election that Appeal Be Heard by the United States District Court under 28 U.S.C. §158(c)(1)(A).

## SUMMARY OF THE ARGUMENT

The Receiver's claims against Baker, which involve complex facts already familiar to this Court, are subject to this Court's exclusive jurisdiction under the Receivership and Freeze Orders and in the interests of judicial economy should be heard by this Court.  Thus the bankruptcy court erred in determining that the Receiver failed to establish cause for lifting the automatic stay to permit him to liquidate the Receivership Estates' claims against the Debtor in this Court.  *See Wiley v. Hartzler (In re Wiley),* 288 B.R. 818, 822 (8th Cir. BAP 2003); *In re Coachworks Holdings, Inc.,* 418 B.R. 490, 492 (M.D. Ga. 2009).

Furthermore, the Debtor has no equity in Receivership Estates.  This is another basis for overturning the bankruptcy court's Order denying the Receiver relief from the automatic stay of 11 U.S.C. §362(d)(2).  *See Martens* v. *Countrywide Home Loans (In re Martens),* 331 B.R. 395, 398 (8th Cir. BAP 2005); *Loudon v. Amogio Foods, Inc. (In re Loudon)*, 284 B.R. 106, 108 (8th Cir. BAP 2002).

## ARGUMENT

When a bankruptcy case is filed, the automatic stay prevents "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case."  11

7

U.S.C. §362(a)(l).   The automatic stay provides a debtor with "a breathing spell from his creditors" in which he may attempt "a repayment or reorganization plan."  *Farley v. Hansen,* 2 F.3d 273, 274 (8th Cir. 1993).  A creditor may seek relief from the stay under 11 U.S.C. §362(d) which states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. §362(d).

Stay relief is required in this case so that the Receiver may carry out his judicially-mandated function of collecting the millions of dollars transferred to the Debtor and his entities by Trevor Cook.   One of the Receiver's primary duties is to maximize the value of the Receivership Estates for distribution to defrauded investors and other claimants.  *See Scholes v. Lehmann,* 56 F.3d 750, 755 (7th Cir. 1995) (receiver's "only object is to maximize the value of the [receivership assets] for the benefit of their investors and any creditors"), cert. denied, *African Enterprises, Inc. v. Scholes*, 516 U.S. 1028 (1995); *SEC v. TLC Invs. & Trade Co.,*147 F. Supp. 2d 1031, 1042 (CD. Cal. 2001); *SEC v. Kings Real Estate Inv. Trust,* 222 F.R.D. 660, 669 (D. Kan. 2004). To maximize distributions, the Receiver must work diligently to recover all Receivership assets, including the entirety of Receivership funds transferred to the Debtor. Liquidation of the Receiver's claims in this Court is necessary to fulfill the U.S. District Court's

exclusive jurisdiction over the Receivership Estates provided for in the Receivership and Freeze Orders.

## I.    THE RECEIVER HAS ESTABLISHED CAUSE FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1).

"The statutory grounds for granting relief from the automatic stay are in the disjunctive." *Martens* v. *Countrywide Home Loans (In re Martens)*, 331 B.R. 395, 398 (8th Cir. BAP 2005). If the moving party either proves cause, or shows there is no equity in the property and that the property is not necessary for a successful reorganization, the court must lift the stay. *Id.*

The movant has the initial burden of showing "cause" or, alternatively, that the debtor lacks equity in the property at issue.   11 U.S.C. §362(g); *Sonnax Ind., Inc.* v. *Tri Component Prods. Corp. (In re Sonnax Ind., Inc.),* 907 F.2d 1280, 1285 (2d Cir. 1990).   Then the burden shifts to the party which opposes stay relief to prove any other relevant issue.  11 U.S.C. §362(g).

Although Congress did not define the term "cause," it has been defined as "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding."   *Martens*, 331 B.R. at 398, *citing In re Food Barn Stores, Inc.*, 159 B.R. 264, 266 (Bankr. W.D. Mo. 1993).   "Pending litigation against the debtor in a non-bankruptcy forum may constitute cause."  *Wiley v. Hartzler (In re Wiley)*, 288 B.R. 818, 822 (8th Cir. BAP 2003); *In re Coachworks Holdings, Inc.*, 418 B.R. 490, 492 (M.D. Ga. 2009).

To determine whether stay relief should be granted to allow a party to pursue claims against a debtor in a venue outside of the bankruptcy court, courts in this jurisdiction have compared "the potential prejudice to the debtor, to the bankruptcy estate and to other creditors against the hardship to the moving party if it is not allowed to proceed in the state [or non-bankruptcy] court."  *Wiley,* 288 B.R. at 822, *citing Blan v. Nachogdoches County Hosp. (In re Blan)*, 237 B.R. 737, 739 (8th Cir. BAP 1999).

> The factors used to balance the hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Id.* Courts in other jurisdictions use a similar analysis to determine whether to lift the automatic stay so a party may commence or continue litigation in another forum. Courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *Karp v. Groover Construction, LLC, (In re Groover Construction, LLC)*, 411 B.R. 460, 464 (S. D. Ga. 2008) *citing Sonnax Indus. Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990); *Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 96 (D.P.R.1993) *aff'd,* 23 F.3d 395 (1st Cir. 1994); *Busch v. Busch (In re Busch)*, 294 B.R. 137, 141 n.4 (10th Cir. BAP 2003).

Here the Bankruptcy Court did not indicate how it viewed the facts or how it balanced the competing hardships to the parties to clarify the basis of its conclusion that the bankruptcy court was the optimal forum for the Receiver's claims. (Tr. at 21–22 (AA-225–26).). In addition to this Court's Orders providing for exclusive jurisdiction over Receivership claims in this Court, a review of the factors make clear that the Receiver's claims should not be liquidated in the bankruptcy court.

1. <u>Judicial Economy</u>: The first factor of judicial economy overwhelmingly favors the Receiver's liquidation of claims in this Court. *See In re Coachworks Holdings, Inc.,* 418 B.R. 490 (M.D. Ga. 2009). This is one of the primary reasons that the Receivership and Freeze Orders provide for exclusive jurisdiction over Receivership litigation; the Receivership litigation

is complex and would be best handled in the venue already familiar with the Receivership and the circumstances underlying it.  In addition, unlike the bankruptcy court which has jurisdiction only over Baker, this Court has jurisdiction over all of the Baker entities.

As noted in *In re Coachworks Holdings, Inc.*,

> "[P]rinciples of judicial economy require that, without good
> reason, judicial resources should not be spent by duplicitous
> litigation, and that a lawsuit should only be tried once, if one forum
> with jurisdiction over all parties involved is available to fully
> dispose of all issues relating to the lawsuit."

*Id.* at 493, *citing Smith v. Tricare Rehabilitation Systems, Inc.* (*In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 574 (Bankr. N.D. Ala. 1994).  The stay should be lifted so litigation of all related claims may proceed in one forum, to prevent duplicative litigation and to avoid the possibility of inconsistent results.  *See In re Henderson*, 352 B.R. 439, 443 (Bankr. N.D. Tex. 2006); *see also*, *In re Davis*, 91 B.R. 470, 471 (Bankr. D. Ill. 1988).

2.    Trial Readiness:    Because the Receiver is charged with recovering the Receivership Estates' assets for defrauded investors—and in fact is already litigating claims to recover Receivership assets in this Court—time is of the essence.  The consolidation of litigation of all claims arising from fraudulent transfers from the Receivership Estates in one forum will facilitate the investigation and liquidation of claims more efficiently and will ultimately enhance the recovery of valuable assets for defrauded investors.

3.    Preliminary Bankruptcy Issues:  The Receiver's litigation is not pendant upon the resolution of any preliminary bankruptcy issues involving the Baker bankruptcy estate.  The Receiver is attempting to recover Receivership Estate assets, which are subject to this Court's exclusive jurisdiction and, by definition, are not property of the bankruptcy estate.  *See* 11 U.S.C. §541(a); *see also, Federal Trade Comm'n v. R.A Walker & Assoc.*, 37 B.R. 608, 612 (D.D.C. 1983) (fraudulently acquired assets are not property of bankruptcy estate).

4.     Success on the Merits:  The likelihood of the Receiver's success on the merits of the claims against the Debtor should be the same in the bankruptcy court or this Court. However, as the Debtor's co-defendants have not filed for bankruptcy, jurisdictional issues may arise which could significantly delay the Receiver's prosecution of claims against those entities if he is forced to liquidate his claims in the bankruptcy court.

5.     Burden to Bankruptcy Estate and Creditors:  The Receiver is seeking to recover assets of the Receivership Estates, which are not properly a part of the bankruptcy estate.

As in the *Wiley* case, the balancing of the five factors from the *Blan* case weighs heavily in favor of lifting the stay to allow the Receiver to pursue his claims against the Debtor outside of the bankruptcy court.  As the *Wiley* court stated, "[I]t would often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the <u>bankruptcy estate</u> would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."  *Wiley,* 288 B.R. at 822 (emphasis added).  The Receiver should be permitted to liquidate his claims and to seek relief in this Court, which has exclusive jurisdiction over Receivership litigation.

## II.     THE DEBTOR HAS NO EQUITY IN RECEIVERSHIP ESTATE ASSETS.

The Receiver must recover assets that were fraudulently transferred from the Receivership Estates to the Debtor and his entities.  To the extent that the Debtor controls Receivership Estates' assets, the Debtor lacks equity in those assets and they cannot be property of the Debtor's bankruptcy estate.  *See* 11 U.S.C. §541(a); *see also, Federal Trade Comm'n v. R.A Walker & Assoc,* 37 B.R. 608, 612 (D.D.C. 1983) (fraudulently acquired assets are not property of bankruptcy estate).  Therefore, the Receiver is entitled to relief from the stay under 11 U.S.C. §362(d)(2)(A) and (B).  *See Martens vs. Countrywide Home Loans (In re Martens)*, 331 B.R. at 395 (8th Cir. BAP 2005).  As the Debtor filed a Chapter 7 liquidation, there are no

assets at issue which would be "necessary to an effective reorganization" under 11 U.S.C. §362(d)(2)(B).

## CONCLUSION

The bankruptcy court erred in denying the Receiver's motion for stay relief. For the above reasons, the Appellant, R.J. Zayed, Receiver, respectfully requests that this Court reverse the bankruptcy court's Order denying relief from the automatic stay.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

s/  Andrea M. Hauser

Dated: September 14, 2010            By: _____
    Matthew R. Burton, #210018
    Andrea M. Hauser, #207469
    100 South Fifth Street
    Suite 2500
    Minneapolis, MN 55402
    (612) 332-1030
    mburton@losgs.com
    ahauser@losgs.com
    Attorneys for R. J. Zayed, Receiver and
    Appellant

427717

ADDENDUM
July 22, 2010 Order of the Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

BKY No. 10-44428

In re:

Chapter 7

Lynn E. Baker,

Debtor.

## ORDER

This case came before the court upon the motion of R.J. Zayed, the receiver for the

matter of *U.S. Commodity Futures Trading Commission v. Trevor G. Cook*, at al., 09-cv-3332

MJD/JJK (D. Minn.) and *U.S. Securities and Exchange Commission v. Trevor G. Cook, et al.*,

09-cv-3333 MJD/JJK (D. Minn.), for relief from the automatic stay pursuant to 11 U.S.C.

§362(d).

Based upon the motion and the file and the court being advised of the premises,

IT IS ORDERED:

1.      The request for relief from the stay to liquidate the receiver's claims against the

debtor is denied.

2.      The automatic stay is modified to allow the receiver to pursue his contempt claims

against the debtor in the U.S. District Court.

3.      This order does not grant relief from the automatic stay to allow another court to

determine the status of any property as property of the estate nor does it serve as the waiver of the

rights of the receiver with respect to seeking a judicial determination in any court regarding the

status of assets as receivership assets or assets of the bankruptcy estate.

4.      Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this order is

effective immediately.

Dated:  July 22, 2010

/e/ Robert J. Kressel
_____
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *07/22/2010*
Lori Vosejpka, Clerk, by LMH